```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DAVID A. WILLIAMS,**

        **Plaintiff,**

                                      CIVIL ACTION
    **vs.**                                No. 04-3353-GTV

**STATE OF KANSAS, et al.,**

        **Defendants.**


### ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. 1983 by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis (Doc. 2).

Following an earlier order by the court, plaintiff has clarified that he intends to proceed in federal court. The court has examined the record and enters the following order.

Plaintiff complains that he has been subjected to unconstitutional deliberate indifference by a failure to provide adequate care for a back injury and back pain, failure to provide a physical examination after his sick call requests, and a failure to properly pack his personal property

following a forced cell extraction.

The Prison Litigation Reform Act of 1996 amended 42 U.S.C. 1997e(a) to provide that "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

It also is settled in the Tenth Circuit that the Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

Because the material submitted by the plaintiff reflects

full exhaustion only of a grievance concerning his lost personal property, the court will direct him to supplement the record with grievance materials, or a summary of the grievances, concerning the remaining claims.  Only if plaintiff demonstrates that he has presented all the claims through the full administrative grievance procedure may this matter proceed.

In addition to his pending motion for leave to proceed in forma pauperis, plaintiff also has moved for the appointment of counsel (Doc. 3), for a preliminary injunction or a temporary restraining order (Doc. 8), and for the production of a videotape of the forced cell extraction (Doc. 9).  The court will defer ruling on these motions until the exhaustion of administrative remedies is determined.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted twenty (20) days to supplement the record with copies of relevant grievance materials or a summary of his use of the administrative grievance procedure showing exhaustion off all issues presented in this action.  The failure to file a timely response may result in the dismissal of this action without prior notice to the plaintiff.

A copy of this order shall be transmitted to the plain-

tiff.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of April, 2005.

<pre>
                              /s/ G. T. VanBebber
                              G. T. VANBEBBER
                              United States Senior District Judge
</pre>