IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID A . WILLIAMS,

                Plaintiff,

                                          CIVIL ACTION
        vs.                               No. 04-3353-GTV

STATE OF KANSAS, et al.,


                Defendants.


ORDER

     By its earlier order (Doc. 11), the court directed
plaintiff to supplement the record with an explanation of his
use of the administrative grievance procedure.

     Plaintiff filed a supplement (Doc. 12) and a response
(Doc. 13).  The court has examined these materials and enters
the following findings and order.

     The Prison Litigation Reform Act of 1996 establishes that
a prisoner may not bring a federal action concerning prison
conditions until available administrative remedies have been
exhausted.  42 U.S.C. 1997e(a).

     Plaintiff's original complaint alleged a denial of
treatment for a back injury and back pain, the failure to

provide a physical examination in response to his sick call requests, and failing to properly secure his personal property after a forced cell extraction.

The supplement plaintiff filed on April 20, 2005 (Doc. 12) alleges that plaintiff is incarcerated unlawfully and that defendants conspired to move him in March 2004 in order to deny him medical treatment.  He also alleges that he was subjected to excessive force during the forced cell move and was left in a cell without clothing or a mattress for 48 hours following the move.

The grievance materials plaintiff supplied in response to the court's earlier order (Doc. 13) reflect that plaintiff's property claim was presented to the Unit Team in August 2004, that the response was adopted by the warden, and upheld by the designee of the Secretary of Corrections in September 2004.

The materials also reflect that plaintiff's claims concerning the forced cell move and the denial of food and medication were presented to the Unit Team in a grievance dated May 22, 2004, and assigned No. 12035.  The Unit Team's response was adopted by the Warden in a response dated June 10, 2004.  There is no response by the Secretary of the Department of Corrections on this grievance.  While plaintiff

2

has submitted a copy of a response prepared by the Secretary's designee, a close examination of that document shows that the typewritten notation "None assigned" for grievance number has been covered in a correction fluid applied to the copy and the number #12035 has been hand-written,  apparently by the plaintiff.

After due consideration of the record, the court finds the  plaintiff has failed to establish that he properly exhausted administrative remedies on each of the claims asserted in the complaint.  Therefore, the court will dismiss this matter without prejudice.   See Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004)(the court should dismiss an action which includes unexhausted claims).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to plaintiff's failure to demonstrate his full exhaustion of administrative remedies.

IT IS FURTHER ORDERED plaintiff's motions for leave to proceed in forma pauperis (Doc. 2), for the appointment of counsel (Doc. 3), for a preliminary injunction or temporary restraining order (Doc. 8), and for the production of evidence (Doc. 9) are denied as moot.

3

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 12th day of May, 2005.



                              G. T. VANBEBBER
                              United States Senior District Judge